IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA ARMENTROUT,<br><br>            Plaintiff,<br><br>vs.<br><br>CBE GROUP, INC.,<br><br>            Defendant. | Civil Action No.<br><br>2:13-cv-05312-JLS |

**DEFENDANT, CBE GROUP, INC.'S ANSWER TO PLAINTIFF, SAMANTHA ARMENTROUT'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, CBE Group, Inc. (""CBE") by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby answers the Complaint of Plaintiff, Samantha Armentrout ("Plaintiff"). In support thereof, CBE avers as follows:

## I.    ANSWER TO INTRODUCTION

1. Admitted in part and denied in part. CBE admits that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). CBE denies that it violated the FDCPA, the TCPA, or any other applicable law. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. CBE refers all questions of law to the Court.

2. Admitted in part and denied in part. CBE admits that the FDCPA prohibits debt collectors from engaging in materially misleading and harassing conduct in the course of collecting on consumer debts. CBE admits that the TCPA prohibits persons from making automated calls via a defined autodialer or utilizing a pre-recorded voice to call a cellular telephone, in certain instances. CBE denies however, that Plaintiff provides a complete and accurate portrayal of the restrictions

1

set forth in FDCPA or the TCPA. Specifically, Plaintiff omitted the requirement that misleading statements be "material" to be deemed violative of the FDCPA. Furthermore, Plaintiff omitted to mention that an automated telephone call to a cellular phone is only prohibited by the TCPA if the caller did not have prior consent to make such call and only where the dialer system qualifies as an autodialer under the TCPA.

3. Denied. CBE denies that it "harassed" Plaintiff, or that it made "autodialed collection calls" to Plaintiff's cellular telephone, or that it otherwise violated Plaintiff's rights under the FDCPA or the TCPA. CBE leaves Plaintiff to her proofs for these assertions.

## II. ANSWER TO JURISDICTION AND VENUE

4. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. CBE refers all questions of law to the Court.

5. Admitted in part and denied in part. CBE admits that its records reflect that Plaintiff resides in Morgantown, Pennsylvania, which is within this District. CBE denies that it does business in this District, except and exclusively through means of interstate commerce. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. CBE refers all questions of law to the Court.

## III. ANSWER TO PARTIES

6. Admitted in part and denied in part. CBE admits that upon information and belief, Plaintiff is an individual who resides in Morgantown, Pennsylvania, at the address referenced in the caption of the Complaint.

7. Admitted. CBE admits that it is in the business of collecting debts, and that it maintains an office Cedar Falls, Iowa.

## IV. ANSWER TO STATEMENT OF CLAIM

8. Admitted. CBE admits that it is a corporation. CBE further admits that it is a "person" as defined by 47 U.S.C. § 153(39).

9. Admitted. CBE admits that its conduct renders it a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Admitted in part and denied in part. CBE admits that its records reflect that Plaintiff has a telephone number that ends in 7257. CBE is without sufficient information, knowledge or belief as to whether the number is associate with a cellular telephone. Therefore, CBE denies these allegations and leaves Plaintiff to her proofs. CBE is without sufficient information, knowledge or belief as to whether Plaintiff carries her cellular phone "on her person", or whether she "regularly uses" this telephone. Unless otherwise admitted, CBE denies the allegations set forth in this paragraph.

11. Denied. CBE is without sufficient information, knowledge or belief as to whether Plaintiff believes that this number was not "ported from a wire line service". Therefore, CBE denies these allegations, and leaves Plaintiff to her proofs.

12. Denied. CBE is without sufficient information, knowledge or belief as to whether the number is associate with a cellular telephone. Therefore, CBE denies these allegations and leaves Plaintiff to her proofs. CBE is without sufficient information, knowledge or belief as to whether Plaintiff "used and paid for" any cellular telephone service. Therefore, CBE denies the remaining allegations in this paragraph, and leaves Plaintiff to her proofs.

13. Admitted in part and denied in part. CBE admits that its records reflect that CBE began manually calling Plaintiff on July 1, 2013. CBE further admits that the collection calls were placed by CBE on behalf of PECO Energy Co. ("PECO"). CBE denies that Plaintiff's characterization of the debt as "allegedly owed" is accurate, as the debt was and remains, due and owing. Unless otherwise admitted, CBE denies the allegations set forth in this paragraph.

14. Denied. CBE is without sufficient information, knowledge or belief as to whether Plaintiff incurred her PECO bill for personal or commercial purposes. Therefore, CBE denies the allegations in this paragraph, and leaves Plaintiff to her proofs. CBE further denies that Plaintiff has accurately characterized the debt as "alleged", as the debt was and remains, due and owing.

15. Admitted. CBE admits that its records reflect that CBE placed 38 outbound calls to what it believes to be Plaintiff's cellular telephone, between July 1, 2013 and August 23, 2013, in furtherance of its efforts to recover on Plaintiff's valid and delinquent PECO debt.

16. Denied. CBE denies that there was a "long pause or a recording", when Plaintiff answered CBE's collection calls. CBE further denies that it utilized an "automated telephone dialing system" as the term is defined under the TCPA. CBE leaves Plaintiff to her proofs for this assertion.

17. Denied. CBE is without sufficient information, knowledge or belief as to what Plaintiff "believed". CBE denies that it placed calls to Plaintiff using a "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1), or that CBE used an "artificial or prerecorded voice" in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation. To the extent that the allegations in

this paragraph consist of conclusions of law, such allegations are denied. CBE refers questions of law to the Court.

18. Denied. CBE is without sufficient information, knowledge or belief as to whether Plaintiff's telephone number is associated with a cellular phone, or whether Plaintiff provided any cellular phone number to PECO. CBE leaves Plaintiff to her proofs for this assertion.

19. Admitted. CBE admits that the calls it placed to Plaintiff were not for "emergency purposes", but rather were placed for collection purposes.

20. Denied. CBE denies that it placed "autodialed calls" to Plaintiff. Conversely, CBE avers that all of the calls it placed to Plaintiff were manually dialed. CBE further denies that such calls were "willful". CBE leaves Plaintiff to her proofs for these assertions. To the extent that the allegations in this paragraph consist of conclusions of law, such allegations are denied. CBE refers questions of law to the Court.

21. Denied. CBE denies that it made "autodialed calls" to Plaintiff, as all outbound calls made to Plaintiff were manually dialed utilizing a phone system that lacks the capacity to store or produce and call numbers from a number generator. CBE further denies that its conduct remotely reflects an intent to harass or abuse Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent that the allegations in this paragraph consist of conclusions of law, such allegations are denied. CBE refers questions of law to the Court.

22. Denied. CBE denies that it used false, deceptive or misleading means in the course of its efforts to collect Plaintiff's valid and delinquent debt. CBE further denies that Plaintiff's characterization of the debt as "alleged" is accurate, as the debt

was in fact, due and owing. To the extent that the allegations in this paragraph consist of conclusions of law, such allegations are denied. CBE refers questions of law to the Court.

### ANSWER TO COUNT I – CBE'S VIOLATIONS OF THE TCPA

23. CBE incorporates by reference herein its answers to paragraphs 1 through 22 of Plaintiff's Complaint, as though set forth more fully at length herein.

24. Denied. CBE denies that it violated the TCPA. CBE further denies that it utilized an automatic telephone dialing system or an artificial or prerecorded voice or that it is even subject to the TCPA. To the extent that the allegations in this paragraph consist of conclusions of law, such allegations are denied. CBE refers questions of law to the Court

25. Denied. CBE denies that Plaintiff is entitled to any statutory damages in the absence of any viable claims under the TCPA. A factual basis for these conclusory allegations is demanded of Plaintiff. To the extent that the allegations in this paragraph consist of conclusions of law, such allegations are denied. CBE refers questions of law to the Court.

WHEREFORE, CBE denies that Plaintiff is entitled to statutory damages for purported violations of the TCPA as CBE did not violate the TCPA. CBE further denies that Plaintiff is entitled to declaratory relief, or any other unspecified relief, in the absence of a viable claim under the TCPA.

### ANSWER TO COUNT II – CBE'S VIOLATIONS OF THE FDCPA

26. CBE incorporates by reference herein its answers to paragraphs 1 through 25 of Plaintiff's Complaint, as though set forth more fully at length herein.

27. Denied. CBE denies that it violated the FDCPA in any manner. Responding further:

(a) CBE denies that it engaged in any conduct, the natural consequence of which would have been to harass, oppress or abuse Plaintiff in connection with the collection of her valid and delinquent debt, or that it otherwise violated 15 U.S.C. § 1692d; and

(b) CBE denies that it made any materially false, deceptive or misleading representations in connection with the collection of Plaintiff's valid and delinquent debt, or that it otherwise violated 15 U.S.C. § 1692e of the FDCPA.

WHEREFORE, CBE denies that Plaintiff is entitled to damages, statutory or otherwise, from CBE for purported violations of the FDCPA. CBE further denies that Plaintiff is entitled to costs, including attorneys' fees or any other unspecified relief, in the absence of a viable claim.

## V. ANSWER TO DEMAND FOR JURY TRIAL

Admitted in part and denied in part. CBE admits that Plaintiff demands a trial by jury. CBE denies that Plaintiff is entitled to a jury trial absent a showing of viable conduct on the part of CBE.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims against CBE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### THIRD AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead a violation of the FDCPA, her entitlement to statutory damages is capped at $1,000 per action, not per violation. See Goodmann v. Peoples Bank, et al., 209 Fed. Appx. 111 (3d Cir. 2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.E. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (V. Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d 647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp 1218 (D. Or. 1981).

### FOURTH AFFIRMATIVE DEFENSE

Even if CBE violated the FDCPA, which is denied, Plaintiff did not incur actual damages as a result of the alleged conduct of CBE.

### FIFTH AFFIRMATIVE DEFENSE

CBE acted reasonably and prudently under the circumstances of which it is not liable to the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of CBE, or for whom CBE is not responsible or liable.

### SEVENTH AFFIRMATIVE DEFENSE

CBE denies that it used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) of the TCPA and did not use a prerecorded or artificial voice when attempting to contact Plaintiff. Therefore, Plaintiff fails to present a viable TCPA claim and Count 1 of the Complaint should be dismissed or withdrawn.

### EIGHTH AFFIRMATIVE DEFENSE

The telephone calls placed to Plaintiff by CBE were made with express consent provided by Plaintiff and, therefore, are exempt from the TCPA under 47 C.F.R. §64.1200(a)(2)(iii-iv) and the FCC's finding that "all debt collection circumstances invoke a prior or existing business relationship." 7 FCC Rcd 8752, 8771-8772 (1992); see also, 10 FCC Rcd. 12391, 12400 (Aug. 7, 2005) and FCC, 68 Fed.Reg. 44,144, 44, 158 (Jul. 25, 2003); and see 47 U.S.C. §227(b)(1)(A).

### NINTH AFFIRMATIVE DEFENSE

Any violation of the TCPA, 47 U.S.C. § 227, which CBE denies, was not intentional or willful. Therefore, to the extent the TCPA applied to any calls by CBE, which is denied, Plaintiff's injury is limited to $500 per call.

### TENTH AFFIRMATIVE DEFENSE

The TCPA does not apply to debt collectors by the express intent of Congress. See Meadows v. Franklin Collection Services, Inc., 2010 WL 2605048 (ND Ala. June 25, 2010). Therefore, Plaintiff's claims under the TCPA fail as a matter of law.

### ELEVENTH AFFIRMATIVE DEFENSE

CBE is not a telemarketer and the TCPA does not apply to debt collectors. The FCC has made clear "… that debt collection calls are exempt from the TCPA's prohibitions against prerecorded message calls because they are commercial calls

which do not convey an unsolicited advertisement and do not adversely affect residential subscriber rights." 7 FCC Rcd 8752, 8771-8772 (1992). Therefore, Count 1 of Plaintiff's Complaint should be dismissed or withdrawn.

## TWELFTH AFFIRMATIVE DEFENSE

Even if CBE made calls utilizing an automatic telephone dialing system, the dialing system utilized by CBE did not have the present capacity, at the time the calls were being made, to store or produce and call numbers from a number generator. The dialing system utilized by CBE to make manual calls to Plaintiff does not fall within the definition of an "automated telephone dialing system" as defined in 47 U.S.C. § 227(a)(1) of the TCPA. Therefore, Count I of Plaintiff's Complaint should be dismissed or withdrawn.

**WHEREFORE,** Defendant, CBE Group, Inc., respectfully requests that this Answer be deemed good and sufficient, that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, and that Plaintiff be ordered to pay reasonable costs, including attorneys' fees, incurred by CBE.

Respectfully Submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.**

By: */s/ Andrew M. Schwartz*
ANDREW M. SCHWARTZ
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2765/ (215) 575-8056 (f)
AMSchwartz@mdwcg.com
Attorneys for Defendant,
CBE Group, Inc.

Dated: October 8, 2013